IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **Javier Garcia,** | § § § § | |
| Plaintiff, | § § | Civil Action No. 4:21-cv-00392 |
| v. | § § | |
| **Pro Custom Solar LLC d/b/a Momentum Solar,** | § § § § | **Jury Trial Demanded** |
| Defendant. | § § § | |

## AMENDED COMPLAINT

**Javier Garcia** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Pro Custom Solar LLC d/b/a Momentum Solar** (Defendant):

### INTRODUCTION

1.   Plaintiff's Amended Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq.* and § 302.101 of the Texas Business & Commercial Code.

### JURISDICTION AND VENUE

2.   This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3.   Supplemental jurisdiction for Plaintiff's related state law claims arises under 28 U.S.C. §1367.

4. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Texas and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Texas.

5. Venue is proper under 28 U.S.C. § 1391(b)(2).

**PARTIES**

6. Plaintiff is a natural person residing in Krugerville, Texas 76227.

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 3096 Hamilton Boulevard, Suite 2B, South Plainfield, New Jersey 07080.

9. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

**FACTUAL ALLEGATIONS**

11. Plaintiff's cellular telephone number 214-xxx-8681 has been on the Do Not Call Registry since January 5, 2006.

12. Plaintiff registered that number on the Do Not Call registry in order to obtain solitude from unwanted and invasive solicitation calls.

13. Plaintiff has only used the cellular telephone associated with that number for residential purposes.

14. Defendant called Plaintiff on his cellular telephone beginning in or around October 2020 on various instances soliciting solar energy plans.

15. Specifically, Defendant called Plaintiff soliciting solar energy plans on dates including but not limited to:

- October 20, 2020;

- January 25, 2021; and

- January 26, 2021

16. Defendant's calls to Plaintiff began with a noticeable pause or delay prior to a live representative of Defendant appearing on the line.

17. Defendant did not have Plaintiff's consent to call on his cellular telephone number.

18. Plaintiff did not request information from Defendant regarding solar energy.

19. Upon information and belief, Defendant maintains a stored list of 10 digit telephone numbers of consumers in its database for collection and communication purposes.

20. Upon information and belief, Defendant utilize a "predictive dialing system" which interfaces with software and databases which have the capacity to generate numbers randomly or sequentially.

21. The dialing system used by Defendant call phone numbers stored in those databases.

22. Accordingly, Defendant's dialing systems have the capacity to dial numbers using a random or sequential number generator.

23. Furthermore, Defendant's dialing systems use computer code and/or algorithms to determine the orders/sequence of calls to be automatically dialed.

24. The operation of the random/sequential number generator, referred to above results in Defendant's dialing system automatically placing calls to the 10 digit telephone numbers in Defendant's stored list(s).

25. Plaintiff believes and avers that Defendant called him with an automatic telephone dialing system.

26. Plaintiff believes this because Defendant's calls to Plaintiff began with a noticeable pause or delay prior to a live representative of Defendant coming on the line.

27. While Plaintiff has not had the benefit of discovery, he intends to prove Defendant utilized an automatic telephone dialing system in the course of discovery.[1]

28. Defendant's telephone calls were not made for "emergency purposes" but rather were to offer solar energy services.

29. Defendant did not obtain a registration certification from the Office of Secretary of State prior to engaging in telephone solicitation in Texas.

30. Plaintiff found Defendant's repeated calls annoying, frustrating, upsetting, harassing, and an invasion of his privacy.

---

[1] *See* Atkinson v. Pro Custom Solar LCC, No. SA-21-CV-178-OLG, 2021 U.S. Dist. LEXIS 112396 (W.D. Tex. June 16, 2021), where the Honorable Judge Orlando Garcia ruled on a 12(b)(6) motion by this same defendant:

> As a practical matter, no plaintiff will have personal knowledge of the defendant's telephone system at the pleadings stage. Only the defendant has that knowledge. However, Plaintiff has pled enough facts to proceed with discovery, at which time she will have the opportunity to discover the precise technology that was used at the time of the alleged violation(s). If the technology does not meet the definition set forth in the statute, as construed by the Supreme Court in Facebook, Inc. v. Duguid, then Defendant may move for summary judgment on that basis.

Atkinson, at *3

## COUNT I
## <u>DEFENDANT VIOLATED THE TCPA 47 U.S.C. §227(b)</u>

31. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

32. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

33. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

34. The dialing system used by Defendant to call Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

35. Defendant's calls were not made for "emergency purposes."

36. Defendant's calls to Plaintiff's cellular telephone were without any prior express consent.

37. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since January 5, 2006.

38. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

39. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

40. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(c)

41. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

42. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered their telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

43. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since January 5, 2006.

44. Defendant called Plaintiff on multiple occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

45. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

46. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

47. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

PLAINTIFF'S AMENDED COMPLAINT

**COUNT III
DEFENDANT VIOLATED § 302.101 of
THE TEXAS BUSINESS & COMMERCE CODE**

48. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

49. Plaintiff received all calls from Defendant in Texas and is entitled to other relief under Texas law.

50. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

51. Defendant violated § 302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

52. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

**Wherefore**, Plaintiff, **Javier Garcia,** respectfully prays for judgment as follows:

    a.    All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A)) and §302.302 of the Texas Business and Commerce Code;

    b.    Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c.    Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

    d.    Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    e.    Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c);

    f.    Statutory damages of $5,000 per violation (as provided under §302.302(a) of the Texas Business and Commerce Code);

    g.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to §302.302(a) of the Texas Business and Commerce Code;

    h.    Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

    i.    Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **Javier Garcia**, demands a jury trial in this case.

Respectfully submitted,

Dated: 08/09/2021        By: /s/ Jacob U. Ginsburg
                                  Jacob U. Ginsburg, Esq.
                                  Kimmel & Silverman, P.C.
                                  30 East Butler Pike
                                  Ambler, PA 19002
                                  Phone: (215) 540-8888
                                  Facsimile: (877) 788-2864
                                  Email: teamkimmel@creditlaw.com

- 9 -

## CERTIFICATE OF SERVICE

I, Jacob U. Ginsburg, Esq. hereby certify that a true and correct copy of the foregoing has been served on all parties of record via ECF.

*/s/ Jacob U. Ginsburg*