# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| JAVIER GARCIA, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Case Number: 4:21-CV-00392 |
| § | Judge Mazzant |
| PRO CUSTOM SOLAR LLC d/b/a § | |
| MOMENTUM SOLAR, § | |
| § | |
| *Defendant.* § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Momentum Solar's Rule 12(b)(6) Motion to Dismiss (Dkt. #11). Having considered the motion and the relevant pleadings, the Court finds the motion should be **DENIED**.

### BACKGROUND

Plaintiff Javier Garcia filed his Complaint against Defendant on May 25, 2021 for claims arising under the Texas Consumer Protection Act ("TCPA") and the Texas Business and Commercial Code (Dkt. #1). Plaintiff alleges that Defendant unlawfully contacted him in connection with telephone solicitations (Dkt. #1). Plaintiff's cellular telephone number has been on the Do Not Call Registry since early 2006, but in or around October 2020, Plaintiff received various calls soliciting solar energy plans. Plaintiff alleges that Defendant made these calls on October 20, 2020; January 25, 2021; and January 26, 2021 (Dkt. #9). Plaintiff alleges these calls "began with a noticeable pause or delay prior to a live representative of Defendant appearing on the line" (Dkt. #13 at pp. 1–2). Further, Plaintiff alleges that "Defendant maintains a stores list of 10 digit telephone numbers of consumers" and uses "a predictive dialing system" that functions as a "random/sequential number generator" (Dkt. #13 at p. 2).

On August 22, 2021, Defendant filed the present Motion to Dismiss (Dkt. #11), to which Plaintiff responded on September 7, 2021 (Dkt. #13). Defendant asserts that Plaintiff has failed to state a claim under 47 U.S.C. § 227(b) of the TCPA and requests, therefore, that this Court dismiss the claim under Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

Section 227(b)(1)(A) of the TCPA prohibits calling "any telephone number assigned to a . . . cellular telephone service" using "any automatic telephone dialing system" absent "prior express consent of the called party." "The TCPA provides a private right of action for aggrieved individuals." *Libby v. Nat'l Republican Senatorial Comm.*, 2021 U.S. Dist. LEXIS 140103 at *6 (W.D. Tex. July 27, 2021) (citing 47 U.S.C. § 227(b)(3)). A TCPA claim requires that the defendant have used "an automatic telephone dialing system" ("ATDS"). 47 U.S.C. § 227(b)(1)(A). An ATDS may be any equipment that can "store or produce telephone numbers to be called, using a random or sequential number generator" and can dial such numbers. 47 U.S.C. § 227(a)(1). The Supreme Court recently clarified that a TCPA claim does not exist whenever someone receives an unwanted call from an automated system; liability is triggered only if the

automated system "us[es] a random or sequential number generator" to store or produce the phone numbers called. *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1171 (2021).

## DISCUSSION

Defendant asserts that Plaintiff has failed to allege facts that could plausibly show Defendant used a random or sequential number generator to make its calls (Dkt. #11). Thus, Defendant argues, Plaintiff has not stated a claim under § 227(b) of the TCPA. Specifically, Defendant contends that "Plaintiff's ATDS allegations are conspicuously disconnected from the ATDS definition" and that allegations of a pause or delay on the line are not enough to state a TCPA claim (Dkt. #11 at pp. 4–5).

Plaintiff responds that, "[i]n TCPA matters, courts have routinely concluded that a consumer alleging . . . a pause or delay before a live agent comes on the line is [a] sufficient basis to plausibly conclude" an ATDS was used" (Dkt. #13 at p. 4). Plaintiff points to the allegations that he made in his Complaint: Defendant called him, there was a noticeable pause or delay, and Plaintiff did not request information regarding the content of the call (Dkt. #13 at pp. 1–2).

The Court finds that Plaintiff has stated a claim. He need only allege facts at this stage—not prove them. Plaintiff wrote in his Complaint that he believes "Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system" because "Defendant's calls to Plaintiff began with a noticeable pause or delay prior to a live representative of Defendant coming on the line" (Dkt. #9 at p. 5). He further alleges that the "dialing system used by Defendant to call Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion" (Dkt. #9 at p. 5).

At this juncture, the Court need not decide whether the dialing system had the present or the future capacity to dial numbers in a random or sequential fashion. Although liability is triggered

only if the automated system actually "us[es] a random or sequential number generator," *Duguid*, 141 S. Ct. at 1171, to store or produce the phone numbers called, "no plaintiff will have personal knowledge of the defendant's telephone system at the pleadings stage." *Libby*, 2021 U.S. Dist. LEXIS 140103 at *8-9. For this reason, Plaintiff need only plead "sufficient facts to proceed with discovery, at which time he will have the opportunity to discover the precise technology that was used at the time of the alleged violations." *Id.* at *9. If at that time it becomes clear "the technology does not meet the definition set forth in the statute, as construed by the Supreme Court recently in *Duguid*, Defendant may move for summary judgment on that basis." *Id.*

Further, Defendant erroneously contends that "[c]ourts across the country have considered [a] 'pause or delay' allegation . . . insufficient to state a TCPA claim" (Dkt. #18 at p. 5). Defendant cites three cases to support this proposition, none of which give such support. First, in *Martin v. Allied Interstate, LLC*, the court was deciding a motion for summary judgment—not a motion to dismiss—and therefore considered the allegations for their truthfulness. 192 F. Supp. 3d 1296 (S.D. Fla. 2016). Second, in *Smith v. Aitima Med. Equip., Inc.*, "the Plaintiff [had] allege[d] no facts regarding whether the equipment Defendant used has the capacity to store numbers to place calls at random" and the "Plaintiff allege[d] the receipt of only one phone call." 2016 U.S. Dist. LEXIS 113671, at *19-20 (C.D. Cal. July 29, 2016). Lastly, in *Danehy v. Jaffe & Asher, LLP*, the Plaintiff never alleged the ATDS "ha[d] the capacity to store phone numbers." 2015 U.S. Dist. LEXIS 32579, at *23 (E.D.N.C. Mar. 17, 2015).

Here, Plaintiff has alleged receipt of three phone calls, each of which began with a pause, and Plaintiff has alleged that, based on these pauses, the "dialing system used by Defendant to call Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion" (Dkt. #9 at p. 5). This is all he need allege at this stage.

## CONCLUSION

For the foregoing reasons, the Court finds Plaintiff has stated a plausible claim under § 227(b) of the TCPA.

It is therefore **ORDERED** that Defendants' Rule 12(b)(6) Motion to Dismiss (Dkt. #11) is hereby **DENIED**.

**IT IS SO ORDERED.**
**SIGNED this 10th day of January, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE