## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| JAVIER GARCIA,<br><br>Plaintiff,<br><br>v.<br><br>PRO CUSTOM SOLAR LLC d/b/a MOMENTUM SOLAR,<br><br>Defendant. | CIVIL ACTION<br><br>No. 4:21-cv-0392-ALM |

### ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

Defendant Pro Custom Solar LLC d/b/a Momentum Solar ("Defendant"), by way of answer to the first amended complaint ("FAC") of plaintiff Javier Garcia ("Plaintiff") and counterclaim against same, hereby states as follows:

### INTRODUCTION

1.      The allegations of this paragraph set forth a legal conclusion, to which Defendant is not required to respond.  To the extent a response is required, the allegations are denied.

### JURISDICTION AND VENUE

2.      The allegations of this paragraph set forth a legal conclusion, to which Defendant is not required to respond.  To the extent a response is required, Defendant states that it is not challenging subject-matter jurisdiction for Plaintiff's TCPA claims.

3.      The allegations of this paragraph set forth a legal conclusion, to which Defendant is not required to respond.  To the extent a response is required, Defendant states that it is not challenging subject-matter jurisdiction for Plaintiff's TCPA claims.

4.      The allegations of this paragraph set forth a legal conclusion, to which Defendant is not required to respond.  To the extent a response is required, Defendant states that it is not challenging personal jurisdiction.

5.      The allegations of this paragraph set forth a legal conclusion, to which Defendant is not required to respond.  To the extent a response is required, Defendant states that it is not challenging venue.

## PARTIES

6.      Defendant does not possess sufficient knowledge to admit or deny the allegations of this paragraph.

7.      Defendant does not possess sufficient knowledge to admit or deny the allegations of this paragraph.

8.      Denied.

9.      Admitted.

10.     The allegations of this paragraph set forth a legal conclusion, to which Defendant is not required to respond.  To the extent a response is required, the allegations are denied.

## FACTUAL ALLEGATIONS

11.     Defendant does not possess sufficient knowledge to admit or deny the allegations of this paragraph.

12.     Defendant does not possess sufficient knowledge to admit or deny the allegations of this paragraph.

13.     Defendant does not possess sufficient knowledge to admit or deny the allegations of this paragraph.

14.     Admitted.

15. Admitted.

16. Denied.

17. Denied.

18. Denied.

19. Admitted.

20. Denied.

21. Admitted.

22. Denied.

23. Admitted

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Admitted.

29. Denied.

30. Denied.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(b)

31. Defendant incorporates by reference its responses to all prior allegation as if fully stated herein.

32. The allegations of this paragraph set forth a legal conclusion, to which Defendant is not required to respond.  To the extent a response is required, Defendant denies that it violated the TCPA.

33. Denied.

34.     Denied.

35.     Admitted.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

**COUNT II**
**DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(c)**

41.     Defendant incorporates by reference its responses to all prior allegation as if fully stated herein.

42.     The allegations of this paragraph set forth a legal conclusion, to which Defendant is not required to respond.  To the extent a response is required, Defendant denies that it violated the TCPA.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

**COUNT III**
**DEFENDANT VIOLATED § 302.101 OF**
**THE TEXAS BUSINESS & COMMERCIAL CODE**

48.     Defendant incorporates by reference its responses to all prior allegation as if fully stated herein.

49.     The allegations of this paragraph set forth a legal conclusion, to which Defendant is not required to respond.  To the extent a response is required, Defendant denies that it violated § 302.101.

50.     The allegations of this paragraph set forth a legal conclusion, to which Defendant is not required to respond.  To the extent a response is required, Defendant denies that it violated § 302.101.

51.     Denied.

52.     The allegations of this paragraph set forth a legal conclusion, to which Defendant is not required to respond.  To the extent a response is required, Defendant denies that it violated the § 302.101.

## PRAYER FOR RELIEF

WHEREFORE, Defendant denies each allegation set forth in the "Wherefore" paragraph of Plaintiff's FAC, and specifically denies that Plaintiff is entitled to any relief whatsoever. Defendant hereby reserves its right to amend its answer and to assert any additional defenses as the facts and law warrant, including during the trial in this matter.

WHEREFORE, Defendant demands judgment against Plaintiff as follows:

a)      Dismissal of the FAC; and

b)      Such other relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's FAC fails to state a cause of action.

2.    Plaintiff's FAC is barred by the doctrine of unclean hands.

3.    Plaintiff's FAC is barred by its failure to name necessary parties.

4.    Plaintiff lacks proper legal standing to institute this lawsuit against Defendant.

5.     Without prejudice to Defendant's argument that "prior express consent" is not an affirmative defense, Plaintiff's claims are barred or otherwise limited because he provided the requisite consent for the alleged phone calls.

6.     Without prejudice to Defendant's argument that "established business relationship" is not an affirmative defense, Plaintiff's claims are barred or otherwise limited because he maintained an established business relationship with Defendant.

7.     Without prejudice to Defendant's argument that § 302.059 of the Texas Business & Commercial Code is not an affirmative defense, Plaintiff's claims are barred or otherwise limited because Defendant can avail itself of the statutory exemption.

8.     Plaintiff's claims are barred, in whole or in part, because Defendant had established and implemented, with due care, reasonable practices and procedures to effectively prevent telemarketing-related violations.

9.     The TCPA and its corresponding regulations impose illegal content-based restriction on speech, in violation of the First Amendment of the Constitution of the United States.

10.     Plaintiff's claims are barred, in whole or in part, to the extent he is asserting damages for calls made to cellular telephone numbers to which he was not the subscriber at the time of the call.

11.     Plaintiff's claims are barred, in whole or in part, because he was not charged for the calls allegedly at issue in this matter.

12.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches or are otherwise untimely.

13.     Plaintiff's claims are barred, in whole or in part, by the doctrine of release.

14.     Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and equitable estoppel.

15.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or ratification.

16.     Plaintiff's claims are barred, in whole or in part, because any award would constitute unjust enrichment.

17.     Plaintiff's claims are barred, in whole or in part, by the terms and conditions and/or limitations of liability contained in any applicable agreements.

18.     Plaintiff's claims are barred, in whole or in part, because any alleged damages were not caused by Defendant, but instead by intervening and superseding causes or circumstances, or by the acts or omissions of third parties for which Defendant is not responsible.

19.     Plaintiff's claims are barred, in whole or in part, because of his failure to mitigate damages.

20.     Plaintiff's claims are barred, in whole or in part, because Defendant did not willfully or knowingly violate the TCPA or its corresponding regulations.

21.     Plaintiff's claims are barred, in whole or in part, because Defendant did not negligently violate the TCPA or its corresponding regulations.

22.     Plaintiff's claims are barred, in whole or in part, because Defendant substantially complied with the TCPA and its corresponding regulations.

23.     Defendant reserves its right to supplement these defenses.

## COUNTERCLAIM

**I.      Introduction**

1.      This counterclaim involves, <u>inter alia</u>, acts of wanton fraud intended to maliciously drive Defendant out of business.

2.      Defendant dedicates itself to providing property owners with affordable access to green energy, through the provision of cutting-edge solar panels.

3.      Plaintiff, by contrast, dedicates himself to fraudulently scheduling appointments with Defendant representatives.

4.      Plaintiff did not merely strive to waste Defendant's resources.  Plaintiff wanted to further his own lawsuit against Defendant in the process.

**II.     General Allegations**

5.      Defendant is in the business of selling, leasing, designing, and installing solar-electric systems to residential property owners.

6.      Defendant procures customer leads through, <u>inter alia</u>, third-party marketing entities that provide contact information for individuals claiming to be interested in Defendant's services.

7.      Upon receipt of this information, Defendant communicates with the customer to schedule an appointment for solar-panel installation.

8.      Such appointments subject Defendant to both out-of-pocket expenses and opportunity costs.   Defendant compensates its agents and employees involved in each appointment, while also incurring other miscellaneous expenses (<u>e.g.</u>, gasoline for company vehicles).  As Defendant's installation resources are limited, any such appointment blocks time from the schedule that could be dedicated to other prospective customers.

9.      During its communications with a customer to schedule these appointments, Defendant relies upon the customer's representations of interest in Defendant's services. Defendant reasonably expects the interest to be genuine.

10.     Beginning in or around October 2020, Plaintiff initiated a malicious campaign to fraudulently schedule appointments for solar-panel installation.

11.     Plaintiff falsely claimed to be interested in Defendant's services, whether when receiving an inquiry from a third-party marketing entity or through other means, thus prompting Defendant to contact him.

12.     Plaintiff conducted this campaign to further a planned lawsuit against Defendant.

### III.     Count One: Tortious Interference with Prospective Economic Relations

13.     Defendant incorporates the allegations above as though fully set forth herein.

14.     Defendant has a reasonable expectation of economic advantage with respect to Texas homeowners.

15.     Plaintiff was aware of the aforementioned expectation.

16.     Plaintiff wrongfully, maliciously, and knowingly interfered with Defendant's prospective economic advantage.

17.     Plaintiff's conduct has damaged Defendant in an amount to be determined at trial.

### IV.     Count Two: Promises Causing Detrimental Reliance

18.     Defendant incorporates the allegations above as though fully set forth herein.

19.     Plaintiff made clear and definite promises.

20.     Plaintiff reasonably expected that Defendant would rely on his promises.

21.     Defendant did, in fact, reasonably rely on Plaintiff's promises.

22.     Plaintiff's conduct has damaged Defendant in an amount to be determined at trial.

## V.      Count Three: Fraud

23.     Defendant incorporates the allegations above as though fully set forth herein.

24.     Plaintiff made material representations of presently existing facts.

25.     Plaintiff made these representations with knowledge of their falsity.

26.     Plaintiff made these representations with intent that Defendant rely upon them.

27.     Plaintiff's conduct has damaged Defendant in an amount to be determined at trial.

## VI.     Prayer for Relief

Wherefore, Defendant demands judgment against Plaintiff as follows:

a.      For compensatory and/or consequential damages that Defendant has suffered and will continue to suffer;

b.      For punitive damages;

c.      For pre-judgment and post-judgment interest;

d.      For costs of suit;

e.      For attorneys' fees and costs; and

f.      For such other relief as this Court deems just and proper.

<u>**JURY TRIAL DEMANDED**</u>

Defendant hereby demands a trial by jury on all issues raised by this litigation.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on February 6, 2022, I electronically filed and served the foregoing pleading.

DATED: February 6, 2022                    Respectfully submitted,

SCHENCK, PRICE, SMITH & KING, LLP

<u>***/s/ Thomas J. Cotton***</u>
Thomas J. Cotton (admitted *pro hac vice*)

10

tjc@spsk.com
220 Park Avenue
Florham Park, NJ
Telephone: 973.539.1000
Facsimile: 973.540.7300

**ATTORNEYS FOR DEFENDANT**